Good morning, Your Honors. May it please the Court, Cynthia Hahn for Juan Carlos Vasquez. I provided you all copies of the United States v. Booker, the Supreme Court case from the day before yesterday. I expect us to read it first thing in the morning, too, I think. Makes for a good bedtime story. I would like to start off by pointing out that under any standard that you want to apply, this was basically an illegal sentence under the statutes. If the guidelines are discretionary now under Booker, it's still an illegal sentence under the statutes. When you look to 1101A43B, it gives you the definition of an aggravated felony, tells you to look to 924C, and there's really no mention of this 80221 U.S.C. 80213, which is actually a recidivist statute and has really nothing to do with defining a felony. When you go to define a felony, you would normally, if you're looking at 18 U.S.C. 924, you're going to naturally go to 18 U.S.C. 3559A, which defines felonies for purposes of Title 18. So where the end, this has been borne out by several cases. One of them, U.S. Cesar's Gutierrez, which Judge Tashima was on the panel, relied on Gerbier v. Holmes, which was a Third Circuit case, and they did quite an analysis on the legislative history of what an aggravated felony is, and they --. Well, here we just have to see whether, I mean, what the record on the categorical or, you know, on the, if, just what the record, we've got 210 days of imprisonment is. Correct. And so --. And if you apply LeoCal or, I'm sorry, Ferreira v. Ashcroft, which Judge Tashima wrote the opinion on that, he said that when under California Penal Code 17B, when you are given a sentence of less than a year. Tell me how Booker Fanfan really makes your argument any different here. I was just mentioning it as because our third argument was a Blakely argument, and so that's why I turned it in, because of the Blakely argument, which was the C argument, which we actually asked the Court not to reach if you're going to decide it on the other two issues. So, but I thought out of good conscience I should have supplied it to you anyway, since we did raise it as a third argument. It was in the opening brief argument C. Well, your position basically is this case has got to be remanded. Yes, sir. And you've got three grounds. Yes, sir. The statute. Yes, sir. Not an aggravated felony. Yes, sir. What's the other one? It's the Blakely argument, and that's why I supplied Booker. But don't you have a problem on the Blakely argument because this is the prior conviction? If you don't win on the other ones. I mean, it seems to me that you're, that's your loser. You've got to win before that. I'm sorry. That's the. You think that's our loser argument out of the three. Yes, I do. But I think your stronger arguments are the, because it's a prior conviction. If, for example, say this, it showed that this was an aggravated felony under the categorical approach, I think the prior conviction part of that is not a good Blakely argument. Well, the reason we raised it, Your Honor, is because for an aggravated felony enhancement, it's not just simply the fact of a prior conviction. It's a certain, it has to be a certain type of prior conviction in a certain order vis-à-vis the deportation or removal order. So it's not just a prior, not any felony will do. It has to be a. Right. But if the record, but if I could look at this and say, I mean, I'm seeing the problem here is the 210 days, that it doesn't show a year. Now, if, let's just say that I agree with your argument on that and say under the categorical approach they don't make it, then they could still, I don't know whether under a modified categorical approach, but I can only see 210 days in the record. And that's what Judge Tshishima pointed out in Ferrara v. Ashcroft, because they actually, unlike our case where we had no papers whatsoever from California, all we had was the PSR, which under Corona-Sanchez is not enough. They did have a paper from California with an F indicating felony, and Judge Tshishima said in Ferrara v. Ashcroft that that doesn't matter, because until the judge imposes sentence, and in Ferrara v. Ashcroft the judge imposed less than a year, the judge under 17B of the California Penal Code has the discretion to make it a misdemeanor, which is what happened. Well, let me tell you this. If, you know, and I can't speak for the other panel members, and if they want to continue to ask questions, you know, I think, you know, I'd like to ask the government how they get past the 210 days here. And unless other panel members, you know, aren't seeing it that way, and I don't know whether they are or not, I mean, you still have four minutes to respond with anything that you want. I do have one question. Yes, sir. First of all, neither side has cited this case, but it's my understanding now that a fairly new case of U.S. v. Ortiz-Lopez, 385F third 1202, definitively holds that a conviction under Section 11350A is not an aggravated felony. So that disposes of that argument. But see, here's the issue I see now that Booker raises, and maybe you can respond to this. Let's assume that the district court erred under the guideline regime in finding that this was an aggravated felony. All right? Yes, sir. Now that the guidelines are only advisory, couldn't the district court still proceed on the basis that, well, maybe it's not an aggravated felony, but to me it's close enough, so I'm going to still impose that enhancement? Because the guidelines are no longer mandatory? Well, the guidelines have become discretionary, so he can still look to them. The point is, though, this is still not an aggravated felony, whether the guidelines apply or not. I know that, but he can say, well, this is not as strict aggravated felony as defined in the guidelines, but I'm not bound by the guidelines, so I'm going to treat it like it's an equivalent to a guideline. It's within my discretion, equivalent to an aggravated felony. Couldn't he do that under Booker? You're saying even not using the guidelines, he could do that? I'm going to find the same way to give you the same sentence. Right. Because, you know, I know what I'm looking at here, and this is what I think you deserve, and now I'm going to figure out how to do that. Well, in that case, then he's going to go through a whole list of factors under 3553A before he can do that. He can't just say, oh, well, he's going to have to look at the guidelines. Wait a minute. 3553A is the one that provides what? The list of other factors that the Supreme Court said must be looked at in addition to the guidelines in order to sentence someone. And should I go ahead and hold my two minutes? So your position is even if it might be possible for the district court to come to that conclusion, the judge would have to make these express findings on the record under the statute. I still don't see how he's going to get there given the definitions supplied in the statutes. The definitions aren't binding. The definitions of the statutes are binding. No, no, no, no, no. I mean under the guideline of what's an aggravated felony. Correct. But he wouldn't get there through the statutes. All right. Thank you. May it please the Court. I'm Ron Ratio from the U.S. Attorney's Office in Reno. I'm here with some trepidation. The last time I was in this position, Coon had just come down and the panel looked at me and said, are you ready to concede? And I said, not yet. Can I make my argument? I was kind of left hanging. I think the way to look at it now is the way I look at Booker. Are you familiar with this case I just mentioned, Ortiz-Lopez? I was not aware of it. It says flat out 11358 is not an aggravated felony. 11358. I believe this was 11350 conviction, was it not, Your Honor? Isn't that the conviction here at issue under? It's 11350. In other words, whether it's an aggravated felony or not? Right. It's a California statute. Right. It's 11350, the California Health and Safety Code. Right. And Ortiz-Lopez says that's not an aggravated felony categorically. But what's your answer to the other question about, you know, what happens under Booker? Under Booker, it seems to me that the test now is reasonableness. The judge must consider the factors that were required under the statute to consider, consult the guidelines, make an analysis, and come up with a sentence that is reasonable under all the circumstances. I think that at this particular point, factually we're dealing with a case that even if the court below is wrong and conceding for purposes of the argument that the lower court was wrong, we can still look at it as harmless error in this particular case, because under the statutory maximum, even if there was an aggravated felony, it's still he has two other felony convictions which are listed in the PSR, so he'd be looking at a statutory maximum of ten years. He's a criminal history category six. He's been deported two times. He was given the bottom of the guidelines here. But how do we really know what a judge would do when a judge, you know, I mean, obviously when you decide what you have to do, you approach something completely differently than when you say, well, I don't have to do that. Now I have a little more freedom to exercise my discretion. You may, you know, you may not see it exactly the, you know, we don't know. How do we know? Well, it certainly isn't harmless error. I don't see how you can say it's a harmless error when the judge went by the guidelines, the guidelines are advisory, and he made a mistake. Now, I think that any sentence that is in excess of the guidelines under the discretion, you're going to have to have good reason. So I don't think you can say this case is harmless error. I think we've got to send it back. I kind of sense that might be the position the Court was in when I came in this morning. Well, what about on this record, though, in terms of I don't, I can't see incarceration for a year. I only see 210 days on this record. I don't think it's necessary, because when you're talking about a drug trafficking offense, which would be a 12 or 16 level increase, you have to show the amount of confinement. In this particular case, it's one of those convoluted cases under Ibarra-Galenda where you track through and it becomes an 8-level felony, so the amount of time actually imposed is not material in determining the increase, because it was only 8 levels. What we look at here in this particular case, is it a drug offense, is it punishable, is it a felony, and then we come under the 11350A of the California statute, which is what is listed in the PSR as a judgment of conviction, which is only punishable by up-to-state imprisonment. It doesn't allow under 11350A for imprisonment in county jail or county jail time, which is what makes it a wobbler. It would automatically throw it out. So 1150A doesn't allow for one-year imprisonment? It says only shall be punished by imprisonment in a state penitentiary. Other subsections of that particular statute say by imprisonment or to be jailed not to exceed X amount of time in a county jail. That's the difference. Subsection A, which is what was listed as a judgment of conviction, is only punishable by imprisonment. I mean, obviously, they could do it. But he didn't get imprisonment. He got 210 days. He could get probation, that's true, as a condition of probation, but it's only punishable confinement-wise by imprisonment. I believe this Court is trying, perhaps, to engraft a sentence that must be imposed, which would apply for a drug trafficking conviction under the 12 or the 16-level increase, but not under the simple possession statute. This is one of those weird statutes where under Federal law it would be a misdemeanor, under State law it's denominated a felony, and then we end up with Ibarra-Galinda. Other than that, given Booker, since we did the case under different rules and what apply now, I don't know what else I can offer. Unless there's any questions from the Court, I would submit it. Okay. Thank you. I just would like to remind the Court that all of the government's premises on what Mr. Vasquez received came from the pre-sentence report from the PSR, and that has been determined under Corona-Sanchez en banc to not be sufficient evidence of anything. So, and actually, they put in 11-350-A. There is no such thing as an 11-350-A under the California Penal Code. There is only 11-350-A, which is a felony, B, which is a misdemeanor, and C, which is a fine. And as I pointed out, again, Judge Jean ---- Well, doesn't Ballesteros-Ruiz say, doesn't that apply here, U.S. v. Ballesteros-Ruiz? Ballesteros-Ruiz. I'm not familiar, Your Honor. I'm sorry. All right. Is it a Ninth Circuit case? Yes. Okay. I'm not familiar with it. In what ---- Could you help me out here in what way it applies? Does it have to do with 11-350-A? Well, I think that's where the 210 days do matter, that it would have to be ---- That's where I've been relying on Ferreira v. Ashcroft because it's a 2004 case, so, which says the same thing. Okay. Thank you. Anything else? No, this matter will stand submitted.
judges: Bright, Tashima, Callahan